pDALEY, J.
Concurs.
Plaintiff asserts that as of the time of the Trial Court’s judgment of February 28, 2002 legal interest had accumulated, which when added to the jury award of $901,910.19 created a total judgment value of $1,046,937.30. The parties had stipulated that defendants, Jack Coleman and Continental, would be entitled to a credit of $1 million due to the settlement between plaintiff and Travelers Insurance Company. Plaintiff argues that judgment should have been rendered in favor of plaintiff for $46,937.30 against Jack Coleman and the Continental Insurance Company relying on Sutton v. Oncale, 99-967 (La.App. 5th Cir. 3/29/00), 765 So.2d 1072.
Sutton v. Oncale, supra, held that a UM/UIM insurer is liable for the judicial interest on the amount paid to plaintiff by the tortfeasor’s insurer when the plaintiff settles his claim against one solidary obli-gor and he either simultaneously asserts his claim to judicial interest or expressly reserves his rights to judicial interest. The record before us contains one complete unsigned copy of a release that did not specifically reserve the right to pursue a claim for interest and a portion of a release in which plaintiff specifically reserved his right to pursue his claim for judicial interest on the entire amount of his damages. Neither release document is signed by either party. I, therefore, agree with the majority that the trial judgment dismissing Continental Insurance Company be affirmed, but for a different reason then the one set forth in the majority opinion.
|2The Sutton case establishes that plaintiff could pursue a claim for judicial interest provided that the necessary reservation of rights to collect interest was included in any previously executed releases. The trial court and the majority opinion suggests that since the jury award did not exhaust the underlying policy limits plaintiff could not recover judicial interest from Continental Insurance Company because Continental’s coverage only applied to damages exceeding $1 million. I write separately to clarify that under the case law as set forth in Sutton v. Oncale, supra and Martin v. Champion Ins. Co., 95-0030 (La. 6/30/95), 656 So.2d 991, an excess or UM carrier can be held liable for the payment of judicial interest on the amount paid to the plaintiff by the tortfeasor’s underlying insurer in settlement. In this case since the judgment value of the jury award exceeded $1 million plaintiff may have been entitled to a judgment against Continental Insurance Company for any judgment that exceeded $1 million in value. I affirm the trial court denial of the interest award because as was the case in Martin v. Champion Ins. Co., supra, the release between plaintiff and Travelers, the underlying carrier, was not made part of the record. “Where the injured party elects to compromise his claim against one solidary obligor, he must either simultaneously assert his rights thereto.” Martin v. Champion Ins. Co., supra at p. 999. Absent evidence of an express reservation by plaintiff as to interest on the amount paid by the underlying liability insurer under the provisions of La. Civ. Code art. 2925 any rights plaintiff may have had to recover interest were re *697 leased with the underlying insurer. Since an executed release was not made a part of the record plaintiffs claim for interest was correctly denied.